Herndon Drilling Company v. Commissioner.
Herndon Drilling Co. v. Commissioner
Docket No. 4193.
United States Tax Court
1946 Tax Ct. Memo LEXIS 82; 5 T.C.M. (CCH) 786; T.C.M. (RIA) 53092; September 13, 1946
*82 HILL Decision HILL, Judge: Pursuant to the determination of the Court as set forth in its opinion promulgated April 3, 1946, respondent filed a recomputation of income taxes due for the taxable year 1941 on July 3, 1946, and petitioner filed a recomputation on July 19, 1946. The parties having been heard in argument on September 11, 1946, with respect to their proposed recomputations and it appearing as set forth in the accompanying memorandum opinion that the recomputation filed by petitioner is correct, it is ORDERED AND DECIDED: That there is a deficiency in petitioner's income taxes for the year 1941 in the amount of $5,500.76. Memorandum Opinion on Recomputation Under Rule 50 HILL, Judge: This proceeding came on for argument under Rule 50, respondent and petitioner having submitted conflicting computations thereunder. The variance in tax liability shown in the computations results from disagreement between the parties as to the amount deductible for the depletion of two in-oil payment interests, one being in the Stumps lease and the other in the Warner lease as referred to in our opinion reported at 6 T.C. 628. Respondent has computed the allowable *83 depletion on those two interests by the percentage depletion method. Petitioner has used a cost depletion computation since the resulting allowance is larger than that under respondent's method. Section 114 (b) (3) of the Internal Revenue Code provides for 27 1/2 per cent depletion allowance but further provides that in no case shall the depletion allowance to the taxpayer be less than if computed without reference to percentage depletion. It should seem, therefore, that petitioner is clearly entitled to the larger allowance if the record contains evidence upon which it may be determined. In argument respondent stated that his computation was strictly in accordance with the opinion rendered since we said therein, on page 637, that "There being no basis in the facts of this case for cost depletion computation, allowable depletion must be computed on the percentage basis. * * *" We made the quoted statement in connection with an introductory presentation of the somewhat complicated theories urged by the parties. In the deficiency notice respondent had computed allowable depletion with respect to each of the leases involved on the premise that petitioner owned *84 only one property in each lease. Petitioner contended that it owned two properties in each lease, one being in the nature of a fee interest and the other being an in-oil payment interest. At the hearing petitioner offered in evidence a revenue agent's report. This offer was accepted by us subject to the express limitation that it was admitted only to show the method by which the respondent computed the depletion allowances. This report therefore did not establish the oil reserves attributable to each lease involved and no evidence establishing such reserves was offered or received at the hearing. As petitioner here concedes it would have been impossible without such facts to compute cost depletion on the single property in each lease under respondent's theory or on the fee interest in each lease under petitioner's theory. In the opinion, after discussing generally the significance of this evidentiary deficiency with respect to cost depletion computation, we went on to say that the question of whether petitioner had one or two interests in each leasehold was still before us for the purposes of percentage depletion computation. We held that petitioner had two separate depletable interests *85 in each leasehold. We think petitioner rightly contends that evidence of oil reserves is unnecessary in computing cost depletion on its in-oil payment interest in each lease. Our statement upon which respondent relies must be considered in connection with its context and when so viewed it may not be taken as an indication that petitioner has not established a basis with respect to the in-oil payment for the minimum depletion allowance to which it is clearly entitled under the statute. In its computation petitioner has determined cost depletion on each of the in-oil payment interests as that portion of its basis in each such interest which the amount of its proceeds therefrom in the taxable year bears to the total amount which it may eventually receive. All the facts necessary to that computation are established in the record. Respondent has not suggested that petitioner uses an improper method of computing such cost depletion allowance and, indeed, it is based on the same theory as the revenue agent appears to have employed in allocating a portion of the estimated oil reserves to the in-oil payments. Moreover, petitioner's method of computation is consonant with the fundamental *86 theory of depletion allowances and, in our opinion, is in accordance with the controlling statutes and regulations. The only eventuality which may disturb the apparent accuracy of the computation is that the recoverable oil reserves on each leasehold may prove to be insufficient to yield the amount due petitioner from its oil payment interests. Not only does it appear extremely improbable that this will develop but it is obvious that such an occurrence would show petitioner's present computation to have yielded a smaller deduction than that to which it was properly entitled. For the reasons stated above, we think petitioner's computation is correct and on that basis decision will be entered.